IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL EDWARD BELL,** | : CIVIL ACTION NO. 1:22-CV-1383 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **MORRIS HOUSER,** *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Carl Edward Bell, alleges that his civil rights were violated when prison officials confiscated an economic impact check that was mailed from the federal government to him. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The complaint will be dismissed without prejudice and Bell will be granted leave to file an amended complaint.

**I.    Factual Background & Procedural History**

Bell, who has been incarcerated in Benner Township State Correctional Institution ("SCI-Benner Township") at all relevant times, filed the complaint that initiated this case on September 7, 2022. (Doc. 1). Bell alleges that on May 14, 2021, the federal government mailed an economic impact check to him worth $1,802.07. (Id. at 3). The check allegedly was not deposited into Bell's inmate account. (Id.) He asked prison staff why the check was not deposited. (Id.) Unnamed staff members allegedly told him that the check was never mailed to the prison. (Id.)

Bell further alleges that he has been subjected to unspecified acts of retaliation for filing prison grievances. (Id. at 3-4). The complaint names as defendants Morris Houser, the superintendent at SCI-Benner Township, and "John Doe A.K.A. (Boone)," the supervisor of SCI-Benner Township's mailing department. (Id. at 1). The complaint does not allege any specific actions by defendants, and the defendants are not mentioned in the complaint's factual allegations. (See id. at 3-4). The complaint alleges in conclusory fashion that the defendants "deliberately and intentionally deprived and denied plaintiff his liberty and property" in violation of the First, Fifth, and Fourteenth Amendments. (Id. at 4). The complaint seeks damages and declaratory relief.

## II.  Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

2

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.   Discussion

Bell brings his claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Having reviewed Bell's complaint, we will dismiss it for failure to state a claim upon which relief may be granted because it fails to allege that the defendants were personally involved in the alleged violations of Bell's civil rights.  A defendant

---

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. <u>Jutrowski v. Twp. of Riverdale</u>, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. <u>Id.</u>

Bell's complaint names Houser and John Doe as defendants, but it does not make any factual allegations against them. (<u>See</u> Doc. 1). Thus, it appears that the claims against defendants are based solely on a theory of *respondeat superior* arising from their supervisory roles in the prison, which is insufficient to allege personal involvement. <u>See</u> <u>Rode</u>, 845 F.2d at 1207. We will accordingly dismiss the complaint for Bell's failure to allege defendants' personal involvement.

We will, however, grant Bell leave to amend. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. <u>Phillips v. Allegheny Cty.</u>, 515 F.3d 224, 245 (3d Cir. 2008). Leave to amend is appropriate here because Bell's claims are factually, rather than legally, deficient.

## IV. <u>Conclusion</u>

We will dismiss the complaint without prejudice and grant Bell leave to file an amended complaint. An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    September 14, 2022