IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL EDWARD BELL,** | : CIVIL ACTION NO. 1:22-CV-1383 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **STEWART BOONE,** | : |
| **Defendant** | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Carl Edward Bell, alleges that defendant, Stewart Boone, a prison official in Benner Township State Correctional Institution ("SCI-Benner Township"), violated his due process rights by confiscating a tax rebate check. Boone has moved for summary judgment. The motion will be granted.

**I.   Procedural History**

Bell has been incarcerated in SCI-Benner Township at all relevant times. He filed his original complaint on September 7, 2022. (Doc. 1). The court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A on September 14, 2022, and granted Bell leave to amend. (Docs. 8-9). Bell filed an amended complaint on October 18, 2022, naming as defendants Stewart Boone, a mailing department supervisor in SCI-Benner Township, and Morris Houser, the prison's superintendent. (Doc. 13). Defendants moved to dismiss the amended complaint on December 23, 2022. (Doc. 21). We granted the motion in part and denied it in part on May 30, 2023, allowing the case to proceed solely as to

Bell's Fourteenth Amendment due process claim against Boone. (Docs. 35-36). Boone filed an answer on August 10, 2023, and then moved for judgment on the pleadings on September 29, 2023, arguing that Bell failed to exhaust administrative remedies prior to filing this case. (Docs. 39, 41). The court denied the motion on February 23, 2024. (Docs. 48-49). Boone then filed the instant motion for summary judgment on March 15, 2024. (Doc. 50). Briefing on the motion is complete and it is ripe for review. (Docs. 52, 56).

## II. **Material Facts**[1]

On October 11, 2020, Bell allegedly filed a 1040 tax form with the Internal Revenue Service ("IRS") to apply for a COVID-19 stimulus check. (Doc. 13 ¶ 11). On February 8, 2021, Bell wrote to SCI-Benner Township's inmate accounts department, asking whether he could have his stimulus check sent to his aunt, Tammy Bell, so that she could mail the check to the inmate accounts department. (Id. ¶ 14). The inmate accounts department purportedly replied, "yes, if we receive your check[,] it will be placed on your account." (Id. ¶ 15). Bell also allegedly wrote

---

[1] Local Rule 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. A party opposing the motion must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the pleadings and the parties' Rule 56.1 statements of material facts. (See Docs. 51, 57). To the limited extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts. The court additionally cites allegations in Bell's amended complaint to aid the reader's understanding of the factual background of this case. Facts for which the court has cited the complaint are viewed in the light most favorable to Bell as the nonmoving party and shall not be treated as undisputed.

2

to defendant Boone asking if he was confiscating stimulus checks that were mailed to the prison. (Id. ¶ 16). Boone purportedly responded that if a check were received by the prison, he would write a receipt for the check and then submit it to the inmate accounts department. (Id. ¶ 17).

Bell allegedly submitted another request for his check to the IRS on February 18, 2021. (Id. ¶ 19). On May 12, 2021, he purportedly spoke with Tammy Bell on the telephone, who informed him that his stimulus check for $1,802.07 arrived on May 10, 2021. (Id. ¶ 20). Bell told her that she could mail the check to the prison and that it would be submitted to the inmate accounts department. (Id. ¶ 21). Tammy Bell allegedly mailed the check to the prison on May 14, 2021. (Id. ¶ 22). Bell purportedly informed the inmate accounts department that the check had been sent. (Id. ¶ 23). After allegedly not receiving a response from the inmate accounts department, he filed a grievance on May 30, 2021. (Id. ¶ 25; Doc. 39 ¶ 25). On August 28, 2021, Bell allegedly wrote to the IRS to inquire about his stimulus check. (Id. ¶ 27). IRS agent Marjorie Gallagher purportedly responded that the stimulus check had been returned to the IRS from the prison. (Id. ¶ 28). The stimulus check was subsequently resent to the prison and deposited in Bell's inmate trust account via two deposits on February 4, 2022. (Doc. 51 ¶¶ 12-13; Doc. 57 ¶¶ 12-13).

### III.   Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond

3

the allegations of the pleadings," in support of his right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

**IV.   Discussion**

Bell brings his claim under 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

**A.   Official Capacity Claims**

Boone argues that he is entitled to summary judgment to the extent he is sued in his official capacity. (Doc. 52 at 9). We agree. DOC employees sued in their

official capacities are entitled to sovereign immunity under the Eleventh Amendment from claims for damages brought pursuant to Section 1983. Downey, 968 F.3d at 310-11.

**B.    Merits**

To succeed on his due process claim, Bell must establish that (1) he was deprived of a protected liberty or property interest; and (2) the process afforded him did not comport with constitutional requirements. Whitehead v. Wetzel, 720 F. App'x 657, 661 (3d Cir. 2017) (nonprecedential).[2] If the prison has provided an adequate post-deprivation procedural remedy, the claim fails. Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)).

Boone argues that he is entitled to summary judgment as to Bell's due process claim because (1) the deposit of the stimulus check in Bell's account shows that he was not deprived of a property interest; (2) the prison's grievance process provided an adequate post-deprivation remedy; and (3) Bell cannot prove that Boone was personally involved in the alleged deprivation. (Doc. 52 at 10-11).

We will grant Boone's motion for summary judgment on the merits of Bell's due process claim. It is undisputed that despite the initial, and ostensibly inadvertent,[3] return of Bell's stimulus check to the IRS, the check was deposited in

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

[3] The record is devoid of evidence that the return of the check to the IRS was intentional or in bad faith, thus eliminating any basis for an award of punitive damages.

Bell's account in February 2022. (Doc. 51 ¶¶ 12-13; Doc. 57 ¶¶ 12-13). Thus, the only deprivation that Bell suffered is the absence of the money from the stimulus check for the period of approximately eight and one-half months between Tammy Bell mailing the check to the prison and it being deposited in his account. Bell argues that the absence of this money made it difficult for him to purchase items from the prison commissary and extra telephone time, (Doc. 56 at 13), but the constitution does not require due process protections for this de minimis deprivation of property. See, e.g., Goss v. Lopez, 419 U.S. 565, 576 (1975) (noting that property deprivation must be more than de minimis to trigger due process protections); accord In re Application of U.S. for an Order Authorizing the Installation of a Pen Register or Touch-Tone Decoder and a Terminating Trap, 610 F.2d 1148, 1156 (3d Cir. 1979); 16B AM. JUR. 2D *What is a Deprivation of Constitutionally Guaranteed Property Rights*, § 635, Westlaw (database updated Oct. 2024). Hence, we will grant Boone's motion for summary judgment because the record reflects that Bell suffered only a de minimis deprivation of property.

## V.  Conclusion

We will grant Boone's motion for summary judgment and close this case. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   December 4, 2024